# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF AKAHOSHI, | ) Case No. CV 13-735 MRW |
| Plaintiff, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| BANK OF AMERICA, et al. | ) |
| Defendant. | ) |

The Court dismisses this civil action due to Plaintiff's failure to (a) prosecute the case and (b) comply with this Court's previous orders.

\* \* \*

This case involves alleged violations of federal and state fair credit reporting statutes. Plaintiff alleges that Defendant Bank of America improperly reported foreclosure proceedings to a credit agency. An attorney represented Plaintiff when the case was filed and through the Court's consideration of a defense dismissal motion.

However, several weeks after the Court denied the motion, Plaintiff's attorney moved to withdraw from the action. Plaintiff did not personally appear at

the hearing on the withdrawal motion.  The Court granted the request in June 2013. (Docket # 20, 21, 25.)

After counsel's withdrawal, the Court directed Plaintiff (now a pro se litigant) to contact Defendant's lawyer to discuss a proposed schedule for the action.  The Court also ordered Plaintiff to comply with a then-pending discovery request that Defendant promulgated.  (Docket # 25.)  Defendant filed a notice informing the Court that Plaintiff failed to contact him as the Court instructed. (Docket # 26.)  Several days later, in late June 2013, Plaintiff did contact defense counsel and agreed to cooperate in discussing a joint schedule for the action.  The Court granted Defendant's request for an extension of time to submit the proposal to the Court.  (Docket # 28.)

The parties failed to submit anything by the July 2013 deadline that they requested the Court set.  In August 2013, the Court issued an order requiring the parties to separately submit a proposed schedule for proceedings in the case and an explanation for the delay, or face monetary and evidentiary sanctions.  (Docket # 30.)  Defendant promptly responded to the Court's Order to Show Cause. (Docket # 31.)  Defense counsel indicated that he had continued to discuss the action with Plaintiff.  However, according to the defense, Plaintiff had not retained a new lawyer and refused to comply with discovery.  (Id. at ¶ 8.)

Plaintiff did not directly respond to the Court's order at all.  As a result, in September 2013, the Court issued an order sanctioning Plaintiff in the amount of $100.  (Docket # 32.)  The Court further set the matter for a status conference in October 2013.  After summarizing the history of the action and Plaintiff's continued non-compliance with the Court's previous orders, the Court advised the parties that the Court would "cancel the status conference and enter an order dismissing the action for failure to comply with a court order and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)" if Plaintiff failed to

respond to the order requiring payment of sanctions. (Id. at 2.) According to the Court's docket sheet, Plaintiff has not paid the sanction to date.

The Court is aware that Plaintiff is a pro se litigant in another credit-related action in this district. Akahoshi v. Experian Information Solutions, Inc., CV 12-8190 MMM (CWx) (C.D. Cal.). Notably, Plaintiff has moved forward with that action, and recently signed a joint request regarding the scheduling of the other case. (Experian Action, Docket # 22.)

\* \* \*

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In the current case, the Court finds dismissal is appropriate. Plaintiff's lawyer withdrew from the action in June 2013. In the months since then, Plaintiff failed to: (a) file any documents with the Court; (b) cooperate with Defendant in proposing a schedule for the action; (c) produce discovery as required under the Federal Rules of Civil Procedure; (d) respond to the Court's order to show cause; or (e) pay the resulting sanction. From this, the Court finds that Plaintiff has demonstrated no interest in properly pursuing this action. Plaintiff failed to

comply with several clear, direct instructions from the Court to advance the action. Plaintiff has not complied with those instructions even as he moved forward with the separate Experian action in this district. Moreover, Plaintiff apparently ignored the Court's sanction order and clear warning that the action could be dismissed if he failed to respond. This has unnecessarily delayed the litigation.

As a result, the Court, the defense, and the public have a strong interest in terminating this action. The Court notes that it attempted to calibrate its response to Plaintiff's conduct by giving him the opportunity to explain his actions, scheduling a hearing, and imposing a nominal monetary sanction. None of those actions elicited a response from Plaintiff. Because Plaintiff is a pro se litigant who has not responded to those remedies, no sanction short of dismissal will be effective in moving this case forward.

Therefore, this action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: October 18, 2013

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE